UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRENDA MICHELSON,

Defendant.

Case No. 11-cr-0904-PJH-2

**ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION**

Before the court is the motion of defendant Brenda Ann Michelson ("Michelson") for early termination of supervised release/probation, pursuant to 18 U.S.C. § 3564(c). The government has filed no response. Having reviewed and considered defendant's papers, and the applicable legal authority, the court finds that the motion must be DENIED.

**BACKGROUND**

On December 8, 2011, an indictment was filed in the U.S. District Court for the Northern District of California, charging Michelson and co-defendant, Kanya Tennysha Coleman ("Coleman"), with seven counts of mail and wire fraud, alleging that they had conspired with others to defraud financial institutions by providing false information in support of loan applications secured by real property, and to defraud investors in those transactions. Michelson was arrested by federal agents on December 14, 2011. The following day, she entered a not guilty plea, and was released on a $100,000 unsecured bond to U.S. Pretrial Supervision.

On November 12, 2013, Michelson was named in a one-count Superseding Information, also filed in the Northern District of California, charging a violation of 18

1  U.S.C. § 1001, false statement to a government agency.  On November 27, 2013,
2  Michelson appeared before the undersigned and pled guilty to Count One of the
3  Superseding Information.  In return, the government moved to dismiss the remaining
4  counts, and the court granted the motion.

5  The Plea Agreement provided for an adjusted offense level of 17, based on a loss
6  greater than $400,000.  The U.S. Attorney agreed to recommend the Guidelines
7  calculations set forth in the Plea Agreement, which would have resulted in a range of 24
8  to 30 months imprisonment, followed by three years of supervised release. The Probation
9  Officer recommended a sentence of 12 months and one day, followed by three years of
10 supervised release.  Michelson argued that her personal circumstances and the nature
11 and circumstances of the offense warranted a sentence of probation only.

12 At the sentencing hearing on June 18, 2014, the court imposed a sentence of five
13 years' probation, along with the other standard and special conditions of probation as
14 stated on the record.  The court subsequently ordered payment of restitution in the
15 amount of $2,335,146.17, for which Michelson and Coleman are jointly and severally
16 liable.[1]  Michelson is scheduled to be released from probation on June 18, 2019.

17 On August 19, 2015, with approximately two years and ten months remaining in
18 the five-year term of probation, Michelson filed the present motion for early termination of
19 probation.  She contends that, between reporting to Pretrial and reporting to Probation,
20 she has been continuously reporting since December 2011, and asserts that she meets
21 most of the criteria for early termination.

**DISCUSSION**

A.  Legal Standard

Pursuant to 18 U.S.C. § 3564, after considering the sentencing factors in 18
U.S.C. § 3553(a), to the extent they are applicable, a court may "terminate a term of

---

[1] Michelson and her co-defendant were admittedly responsible for depriving the victims of substantial sums of money.  Michelson is paying off the restitution at a rate of $150 per month, but it is likely that the full amount will never be paid.

2

probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

The § 3553(a) factors, which relate to the imposition of the sentence in the first instance, include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the defendant with educational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a); see also U.S. v. Khan, 2012 WL 2906590 at *2 (N.D. Cal. July. 13, 2012) (considering factors enumerated in § 3553(a) for early termination of probation).

To justify her request for early termination, Michelson asserts that she is successfully integrated into the community, as she has been employed by her current employer since February 2013, with some management responsibility; and is the single mother of four children, three of whom live at home and are excelling in school. She contends that she has made progressive strides toward supervision objectives, and has fully complied with all conditions of supervision, including completion of community service hours within first year of supervision, timely submission of reports, and consistent appearance for scheduled appointments. She also asserts that she did not play an aggravated role in the offenses leading to the prosecution, and indeed, that "[m]any things were concealed" from her. She claims that she has no history of violence, no recent arrests or convictions, no recent evidence of drug or alcohol abuse (and indeed,

3

1  has successfully completed an outpatient rehab program with no relapses), and no recent
2  psychiatric episodes; and that she presents no risk to the safety of any identifiable victim
3  or to the public safety.

4  Early termination is reserved for rare cases of "'exceptionally good behavior.'"
5  U.S. v. Smith, 219 Fed. Appx 666, 668 (9th Cir. 2007) (citing U.S. v. Lussier, 104 F.3d
6  32, 36 (2nd Cir. 1997)).  While it appears from Michelson's description that she has, to
7  date, complied with the conditions of probation, the court cannot characterize her
8  performance as "exemplary," as she has done only what she was required to do.  She
9  has completed substance abuse treatment, and has paid the special assessment in full.
10  She has also reported to Probation as directed.  The remaining conditions are of an on-
11  going nature, including periodic substance abuse testing, refraining from alcohol, and
12  providing consent to search.  She is to be commended for cooperating with the conditions
13  of her probation, but the court does not agree this positive result is sufficient to warrant
14  termination of a five-year term of probation when less than half that time has been
15  served.

16  The "overarching purpose" of § 3553(a) is to craft a sentence that is sufficient, but
17  not greater than necessary, to satisfy the purposes of sentencing.  See U.S.A. v. Robins,
18  2014 WL 11790802 at *2 (C.D. Cal. May 27, 2014) (citing Kimbrough v. U.S., 552 U.S.
19  85, 101 (2007)).  The undersigned imposed the sentence in June 2014, and at that time,
20  carefully considered the same § 3553(a) factors that are implicated in the request for
21  early termination of probation.  Indeed, it was these same factors that prompted the court
22  to impose a significantly reduced sentence, below what was recommended by the U.S.
23  Attorney and U.S. Probation.

24  Michelson bears the burden of showing that she is entitled to early termination.
25  See U.S. v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  Ultimately, the court
26  possesses broad discretion in determining whether a defendant merits such early
27  termination of probation.  Robins, 2014 WL 11790802 at *2.  The court finds that the fact
28  that Michelson has thus far complied with the conditions of probation and has otherwise

acted as required by law is NOT the sort of "extraordinary circumstance" that would warrant a reduction in the term of probation.  The court fully expects defendant to continue to comply with the conditions of probation for the duration of the five-year term.

## CONCLUSION

In accordance with the foregoing, defendant's motion for early termination of probation is DENIED.

**IT IS SO ORDERED.**

Dated:  October 13, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge